UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SINORN DIP,

                Plaintiff

        v.

KATHERIN BRITTAIN, *et al.*

                Defendants.

CIVIL ACTION NO. 3:25-CV-02530

(MEHALCHICK, J.)

**MEMORANDUM**

Before the Court is an amended complaint filed by Plaintiff Sinorn Dip ("Dip"). (Doc. 7). The Court will screen the amended complaint pursuant to 28 U.S.C. § 1915A, dismiss all claims raised in the amended complaint, and grant Dip a final opportunity to bring his claims before the Court by filing a second amended complaint.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The Court received and docketed Dip's original complaint on December 29, 2025. (Doc. 1.) That same day, the Court entered an administrative order directing Dip to file a motion to proceed *in forma pauperis* or pay the outstanding filing fee. (Doc. 3). On January 29, 2026, the Court received the filing fee. (Doc. 4). On February 2, 2026, the Court screened the original complaint pursuant to 28 U.S.C. § 1915A and dismissed the complaint for failing to state a claim upon which relief may be granted. (Doc. 5; Doc. 6). The Court granted Dip leave to file an amended complaint. (Doc. 6).

The Court received and docketed the amended complaint on February 23, 2026. (Doc. 7). The amended complaint names the Laurel Harry ("Harry"), the Secretary of the Department of Corrections ("DOC") and Agent Anthony ("Anthony"), a DOC agent for the

Bureau of Investigations and Intelligence ("BII") as defendants. (Doc. 7, at 2). Dip alleges that on September 12, 2024, he was transferred from SCI-Phoenix to SCI-Frackville and upon arrival at SCI-Frackville, the entirety of his personal property was confiscated for an investigation. (Doc. 7, at 2). The investigation allegedly showed that "numerous papers tested positive for 'synthetic cannabinoids.'" (Doc. 7, at 2). Dip states that on September 25, 2024, all of his property was forwarded to Defendant Anthony at BII for further investigation and testing. (Doc. 7, at 2). Dip alleges that Defendant Anthony then forwarded his property to Cumberland County Office of the District Attorney Forensic Laboratory for testing where it was determined that over 50 pages of the property contained synthetic cannabinoids. (Doc. 7, at 3). On February 28, 2025, Defendant Anthony interviewed Dip, and Dip learned that all testing of his personal property was completed. (Doc. 7, at 3). Dip requested that property that tested negative be returned to him, and Defendant Anthony told Dip that he would get back to him. (Doc. 7, at 3).

Dip alleges that in March of 2025, he informed non-party Lieutenant Kalce that he had two exculpatory affidavits in the confiscated legal materials that were time sensitive and under the Post Conviction Relief Act ("PCRA") he had only one year in which to file a PCRA petition to challenge in criminal convictions. (Doc. 7, at 3). Dip states that Lieutenant Kalce told him that he would inform Defendant Anthony and see if those affidavits could be returned. (Doc. 7, at 3).

Dip states that on March 21, 2025, he filed a grievance and on April 2, 2025, Captain of Intelligence W. Purnell responded that the property was not in possession of SCI-Frackville but "was relinquished to the custody of BII." (Doc. 7, at 3). Dip alleges that he appealed the grievance to final review. (Doc. 7, at 3-4).

Dip alleges that "[o]n July 7, 2025 and August 18, 2025, the two exculpatory affidavits became stale and no longer legally viable." (Doc, 7, at 4). Dip states that he has yet to receive the two affidavits. (Doc. 7, at 4). Dip alleges that the loss of these affidavits have resulted in the inability to challenge his criminal convictions necessary to prove his innocence. (Doc. 7, at 5-6).

Based on these alleged facts, Dip brings First, Fifth, Eighth, and Fourteenth Amendment claims against Defendants. (Doc. 7, at 5-6).

The Court will now screen the amended complaint pursuant to 28 U.S.C. § 1915A.

## II.    STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the

3

complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals*

*Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III.    DISCUSSION

####    A. ALL CLAIMS AGAINST DEFENDANT HARRY WILL BE DISMISSED WITHOUT PREJUDICE.

Dip brings First, Fifth, Eighth, and Fourteenth Amendment claims against Defendant Harry in her role as the Secretary of the DOC. (Doc. 7.)

Section 1983 provides that persons acting under color of state law may be held liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct, and "cannot be predicated solely on the operation of *respondeat superior.*" *Evancho v. Fishser*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs.... Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08. Such allegations, however, must be made with appropriate particularity in that the complaint must allege the particulars

6

of conduct, time, place, and personal responsibility. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Subsequent knowledge of an incident is insufficient to demonstrate that a state actor played an "affirmative part" in the alleged misconduct. *See Rode*, 845 F.2d at 1207-08 (the after-the-fact submission of a grievance is "simply insufficient" to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (Grievance Coordinator and Superintendent's involvement in review and denial of grievance insufficient to establish personal involvement). Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

Here, Dip makes no allegations regarding the personal involvement of Defendant Harry. That leaves the Court to draw an inference from the amended complaint that Dip is attempting to base liability on Defendant Harry's role as a supervisor. (Doc. 7). As stated above, liability cannot be "predicated solely on the operation of *respondeat superior.*" *Evancho*, 423 F.3d at 353. The amended complaint did not address the personal direction or actual knowledge and acquiescence of Defendant Harry. (Doc. 7). The amended complaint simply alleges that Defendant Harry is employed by the DOC and was acting under the color of state law. Therefore, all claims against Defendant Harry will be dismissed without prejudice.

B. FIRST AMENDMENT CLAIMS WILL BE DISMISSED WITHOUT PREJUDICE.

Dip brings a First Amendment claim against Defendant Anthony premised on the loss of the affidavits necessary for his PCRA petition.

Asserting an actionable claim for denial of access to the courts requires a prisoner to allege that (1) they "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim"

and (2) they have no available remedy for the lost claim other than the present denial of access action. *Rivera v. Monko*, 37 F.4th 909, 915 (3rd Cir. 2022) (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3rd Cir. 2008)). Most significant is the nonfrivolous nature of the claim allegedly lost. The lost claim must be "more than hope" in order to be deemed nonfrivolous. *Christopher v. Harbury*, 536 U.S. 403, 416 (2002).

Here, Dip has not alleged that his PCRA petition was nonfrivolous. Instead, he merely asserts that he lost the ability to bring the PCRA claim in order to prove his innocence. (Doc. 7). Therefore, he has failed to state a First Amendment claim and it will be dismissed without prejudice.

C. FIFTH AMENDMENT CLAIMS WILL BE DISMISSED WITH PREJUDICE.

Dip alleges that the actions of Defendant Anthony violated his Fifth Amendment rights. (Doc. 7).

The Fifth Amendment provides, in pertinent part, that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" *See* U.S. Const. amend. V. The provisions of the Fifth Amendment only concern, however, federal action, not state or private action. *See, e.g., Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (stating that "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law' "); *Nguyen v. U.S. Cath. Conf.*, 719 F.2d 52, 54 (3d Cir. 1983) (stating that "[t]he limitations of the [F]ifth [A]mendment restrict only federal governmental action and not the actions of private entities" (citing *Public Utilities Commission v. Pollak*, 343 U.S. 451, 461 (1952)); *Nemeth v. Off. of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 929 n.5 (3d Cir. 2020) (unpublished) (noting that the district court had properly

8

concluded that, because all of the named defendants were state and private officials and entities, the plaintiff could not pursue a Fifth Amendment claim against any of them because the Fifth Amendment's due process clause only "protects against federal governmental actions, not state actions").

Here, Defendant Anthony is an employee of the DOC, which is a state agency. (Doc. 7). Thus, the Court finds that this Fifth Amendment claim fails as a matter of law pursuant to 28 U.S.C. § 1915A. As such, the Court will dismiss the Fifth Amendment claim with prejudice.

D.  EIGHTH AMENDMENT CLAIMS WILL BE DISMISSED WITHOUT PREJUDICE.

Dip alleges that the actions of Defendant Anthony violated his Eighth Amendment rights. (Doc. 7). Here, it is unclear how the confiscation and loss of his property constitutes an Eighth Amendment violation.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. Amend. VIII. Prison conditions constitute cruel and unusual punishment if they result in a serious deprivation of the prisoner's basic human needs. *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). Only conditions that are so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'" *Palakovic*, 854 F.3d at 225 (quoting *Parkell v. Danberg*, 833 F.3d 313,

9

335 (3d Cir. 2016)). Such a claim contains two requirements: an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner asserting a claim that the conditions of confinement violate the Eighth Amendment must allege: (1) that objectively, they were "incarcerated under conditions posing a substantial risk of serious harm;" and (2) that the defendant prison official personally knew of the substantial risk to the inmate's health or safety and failed to "respond [ ] reasonably to the risk." *Farmer*, 511 U.S. at 834, 844–45. Here, nothing Dip has alleged raises the necessary elements of an Eighth Amendment claim. Therefore, the Eighth Amendment claim will be dismissed without prejudice.

E.  THE FOURTEENTH AMENDMENT CLAIM FOR LOSS OF PROPERTY WILL BE DISMISSED WITH PREJUDICE.

Dip brings a Fourteenth Amendment claim against Defendant Anthony for the loss of his property. (Doc. 7, at 5).

"Deprivation of inmate property by prison officials does not give rise to cognizable due process claim if the prisoner has an adequate post-deprivation state remedy." *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)). Adequate remedies were available here as Dip was provided an opportunity to file an administrative grievance. *See Tillman,* 221 F.3d at 422. To the extent that Dip is dissatisfied with the outcome of the administrative process, he may still file a state court tort action. *Hudson,* 468 U.S. at 535. Therefore, the Court will dismiss the Fourteenth Amendment claim for the loss of property will be dismissed with prejudice.

## IV.   CONCLUSION

For the above stated reasons, the Court will dismiss amended complaint. The Fifth and Fourteenth Amendment claims against Defendant Anhtony will be dismissed with prejudice. The remaining claims will be dismissed without prejudice. The Court will allow

Dip to file a second amended complaint to cure the pleading defects set forth above. The second amended complaint will be titled "Second Amended Complaint" and be filed under the above captioned case number.

An appropriate order follows.

**Dated: May 15, 2026**                              *s/ Karoline Mehalchick*
                                                   **KAROLINE MEHALCHICK**
                                                   **United States District Judge**

11